# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,
1629 K Street NW, Suite 600
Washington, DC 20006

        Plaintiff,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY,
Office of the General Counsel
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528-0485

        Defendant.

Civil Action No.

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against Defendant U.S. Department of Homeland Security ("**DHS**" or "**Defendant**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As ground therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the

academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4.  Defendant DHS is an agency of the U.S. Government and is headquartered at 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528-0485. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On June 13, 2022, Plaintiff submitted a FOIA request ("**FOIA Request**") to DHS which sought the following records:

> **All records (including e-mail messages, complete e-mail chains, attachments, calendar invitations and attachments) created or sent by any employee of the DHS Office for Civil Rights and Civil Liberties (CRCL) regarding the Disinformation Governance Board since January 20, 2021 through the date of the search.**

**(Exhibit 1.)**

6.  On June 13, 2022 Defendant acknowledged Plaintiff's FOIA Request and assigned it DHS FOIA Case # 2023-HQFO-00214 and CRCL FOIA Case # 2022-CRFO-00144. (**Exhibit 2**.)

7.  Despite the expiration of the time limits prescribed by FOIA, as of the date of this Complaint, Defendant has yet to provide Plaintiff a "determination" as required by law. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Within the time limits prescribed by FOIA, to trigger the administrative exhaustion requirement, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the

documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.")

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. Defendant was required to make a final determination on Plaintiff's FOIA Request no later than July 27, 2022. Because Defendant failed to make a final determination on Plaintiff's FOIA Request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 20, 2025

Respectfully submitted,

*/s/ Colin M. Farnsworth*
Colin M. Farnsworth
D.C.C. Bar I.D. # OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185 ext. 126
Email: cmf@cis.org